IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 8, 2005

## STATE OF TENNESSEE v. MARSHAUN LUDEN, ALIAS

**Direct Appeal from the Criminal Court for Knox County**
**No. 76749     Mary Beth Leibowitz, Judge**

_____

**No. E2004-01400-CCA-R3-CD - Filed April 22, 2005**

_____

The defendant, Marshaun Luden, appeals from the trial court's order revoking his probation and reinstating his original sentence of five years as a Range I, standard offender in the Department of Correction. The defendant does not contest the revocation of his probation. Rather, he argues that the trial court erred by failing to consider any additional alternative sentencing options. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

J.C. McLin, J., delivered the opinion of the court, in which Joseph M. Tipton and Norma McGee Ogle, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Marshaun Luden, Alias.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Patti Cristil, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts and Procedural History

On March 19, 2003,[1] the defendant entered a guilty plea to aggravated burglary, a Class C felony. The facts underlying the offense, as briefly summarized at the guilty plea hearing, revealed that the defendant admitted his involvement as one of three males, one of whom had a handgun, who broke into a private residence through a basement window. The trial court sentenced him as a Range I, standard offender to an agreed sentence of five years in the Department of Correction. However, in accordance with the plea agreement and pursuant to Tennessee Code Annotated section 40-35-313

---

[1] The defendant entered and the trial court accepted the plea on March 19, 2003. However, the judgment forms indicate that the defendant entered his plea on varying and incorrect dates.

(2003), the trial court placed the defendant on judicial diversion under the supervision of the State Probation Office for the five-year term of his sentence.

On November 14, 2003, the defendant's probation officer filed a probation violation report, causing a warrant to be issued, alleging that the defendant had violated the terms of his probation by failing to report, pay supervision fees, submit to substance abuse evaluation, enroll in G.E.D. classes, provide a DNA specimen, and secure full-time employment. On November 24, 2003, the trial court continued the case for hearing on the probation violation warrant and released the defendant under the condition that he be enrolled in Community Alternatives to Prison Program (C.A.P.P.) classes and other related recovery classes.

On February 4, 2004, the State filed an additional motion to revoke the defendant's diversion, arguing that, as of January 29, 2004, the defendant was $140 in arrears in payment of supervision fees, had attended only 50% of his C.A.P.P. classes, and had tested positive for marijuana. On February 27, 2004, the trial court ordered the defendant to attend a drug court program. On March 26, 2004, the defendant's probation officer requested that the trial court amend the probation violation warrant to reflect that the defendant had twice tested positive for illegal drugs during March 2004. The trial court amended the probation violation warrant and referred the defendant to the Enhanced Probation Office with the Tennessee Board of Probation and Parole for a post-sentence investigation and report.

The State then filed another motion to revoke judicial diversion, stating the defendant: (1) failed to report to the State Probation Office for supervision and admitted to using illegal drugs; (2) made only one payment of supervision fees and was in $175 in arrears as of February 2004; (3) attended only 50% of his C.A.P.P. classes; (4) tested positive for marijuana on additional dates; (5) was admitted to drug court, but admitted to smoking marijuana at the time of his assessment; and (6) continued to test positive for marijuana use during the tests performed at drug court and tested positive for cocaine on March 6, 2004.

On April 8, 2004, the defendant's probation officer once again requested the trial court to amend the probation violation warrant to include several additional dates on which the defendant tested positive for marijuana use. The Court amended the probation violation warrant and, on April 22, 2004, revoked its grant of judicial diversion.

At a sentencing hearing on May 28, 2004, the trial court stated:

> In this case [the defendant] applied for judicial diversion, in regard to try to work with him on that [judicial diversion was granted, but] he couldn't comply with judicial diversion, [and it] was revoked. So we wanted to work with him further, we gave him State Probation - - well, we referred him to State Probation, and he couldn't comply with that. We referred him to Drug Court. We put him in Drug Court. He left Drug Court. He is - - we've tried to work with him with CAPP and Enhanced Probation, and basically, [the defendant] has absconded on me twice.

And you're right it is a property crime. But this property crime is that he broke into somebody's home. He violated somebody's space. And that's a pretty serious offense in my view. Although, it is in fact a property crime.

I don't know what else to do but to sentence [the defendant] to the penitentiary. And I don't think he's eligible at this point for these programs. If in fact [the defendant] wants some drug treatment while he's at the penitentiary I'll be glad to write a letter to assist him with that. But I think he needs to just get this over with because I don't think at this point he can comply, and I'm only setting him up to fail again.

The trial court then reinstated the defendant's original sentence of five years to be served in the Department of Correction, and the defendant filed a timely notice of appeal.

## Analysis

The factual basis upon which the trial court relied in revoking probation is not disputed. Rather, the single issue presented for our review is whether the trial court improperly reinstated the defendant's original sentence to be served in incarceration. The defendant contends that the trial court failed to consider less restrictive alternatives.

We initially note that the State urges this Court to deem the defendant's argument waived due to his failure to cite any portion of the appellate record in his appellate brief. See Tenn. Ct. Crim. App. R. 10(b).[2] We must caution that the State's point is well taken and that failure to properly cite to the record can result in waiver of the issue. Id. However, in the interest of judicial economy, we choose to address the issue raised in this appeal on its merits.

The decision to revoke probation is within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Upon revoking a defendant's probation, the trial court has the discretion to order the original sentence to be served. Tenn. Code Ann. §§ 40-35-310, -311 (2003); State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). This Court will not reverse the trial court's decision absent an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's findings. State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In the instant case, the record reflects that the trial court exhausted several alternative sentencing options. Prior to reinstating the defendant's original sentence, the trial court was presented with evidence that the defendant repeatedly violated the terms and conditions of his probation. The defendant does not contest these violations. Consequently, the trial court decided to forgo additional alternative sentencing options, a decision within its discretion. The defendant

---

[2] In addition to this argument, the State urges this Court to consider dismissal for failure to state a factual basis for the grounds of a post-conviction petition. It is unclear why this argument is presented since this case comes before us on direct appeal.

is not entitled to an additional grant of probation or some other form of alternative sentencing. The defendant has not demonstrated that the trial court abused its discretion by ordering him to serve his sentence in incarceration. Therefore, the issue is without merit.

### Conclusion

The judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE